IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TANISHA FRANKLIN, | ) | |
| | ) | No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| OFFICERS PLUMEY, #29, | ) | |
| JOHN DOE, JOHN MOE, JOHN SOE | ) | |
| JOHN COE, JOHN FOE, | ) | |
| AND THE VILLAGE OF RIVERDALE, | ) | |
| A MUNICIPAL CORPORATION | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

```
                          FILED
                          JUNE 5, 2008                    YM
                          08CV3255
                          JUDGE SHADUR
                          MAGISTRATE JUDGE DENLOW
```

<u>COMPLAINT</u>

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Tanisha Franklin is an African-American female, a citizen of the United States, and a resident of Dolton, Illinois.

3. Defendant Officer Plumey, #29, John Doe, John Moe, John Soe, John Coe, and John Foe are police officers employed by the Village of Riverdale, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Plumey, John Doe, John Moe,

John Soe, John Coe, and John Foe are being sued individually.

4.The Village of Riverdale, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of Defendant Police Officers Plumey, John Doe, John Moe, John Soe, John Coe, and John Foe.

**FACTS**

5.On June 28, 2007, at approximately, 6 a.m., Plaintiff Tanisha Franklin, observed a Village of Riverdale employee, immediately outside of her apartment, located at 13845 S. School Street, issuing her a parking citation.

6.Ms. Franklin exited her home and asked the Village of Riverdale employee why was she issuing her a ticket, despite their being no signs indicating she was in violation of any parking laws.

7.In attempt to avoid receiving a ticket, Ms. Franklin moved her vehicle to another location.

8.Next, after Ms. Franklin exited her vehicle, several Defendant police officer arrived on the scene, including Defendant Officer Plumey.

9.Officer Plumey aggressively rushed over to Ms. Franklin, while she stood outside her vehicle, and without cause began to beat her.

10.Defendant Officer Plumey handcuffed Ms. Frankin and then began to violently push and swing her body.

11.While Ms. Franklin was being beat, several defendant officers watched without intervening.

12. Several neighbors exited their homes and begged the officer to stop beating Ms. Franklin, but Officer Plumey only became more violent with Ms. Franklin and her neighbors.

13. Eventually, a sergeant arrived on the scene, and immediately ordered Defendant Plumey to release Ms. Franklin. He also personally apologized to Ms. Franklin for Defendant Plumey's misconduct. The sergeant explained to Ms. Franklin that on prior occasion(s), Officer Plumey had treated a civilian inappropriately.

14. Mr. Plumey was issued a ticket for obstructing a Village of Riverdale employee from issuing a ticket. Subsequently, the charge was dismissed.

## COUNT I
### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

1-15. Plaintiff Tanisha Franklin alleges and realleges paragraphs 1 through 14 as fully set forth above.

16. As a result of the unreasonable and unjustifiable attack on Plaintiff Tanisha Franklin, she suffered both physical and emotional injuries.

17. This unreasonable and unjustifiable beating of the Plaintiff Tanisha Franklin by Defendant Officer Plumey was a direct and proximate cause of her pain, suffering and mental anguish. The above acts by the individual Defendant Officers violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Tanisha Franklin demands compensatory damages against Defendant Officer Plumey because the Defendant acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from the individual Defendant

Officer plus costs, attorneys fees, and such other additional relief as this Court deems equitable and just.

## COUNT II
### (Failure to Prevent Civil Rights Violation Under 42 U.S.C. Sec. 1983 Against)

1-18. Plaintiff realleges paragraphs 1 through 14 above as though fully set forth herein.

19. The above stated acts of violence against the Plaintiff by Defendant Plumey was witnessed and encouraged by the other Defendants.

20. One or more of the Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiff's civil rights by Defendant Plumey, but failed to do so.

21. The failure of one or more of the Defendant Officers to prevent the above alleged civil rights violations was the direct and proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff demands compensatory damages against these Defendants; and because he acted maliciously, willfully, and/or wantonly, punitive damages against him plus attorney's fees and costs, and any additional relief this Court deems equitable and just.

## COUNT III
### (Supplemental State Claim for Assault and Battery)

22. Plaintiff Tanisha Franklin alleges and realleges paragraphs 1 through 14 as though fully set forth herein.

23. The acts of Defendant Officer Plumey as described above were done maliciously, intentionally, willfully, and wantonly and with such reckless disregard for their natural consequences as to constitute assault and batter under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**WHEREFORE**, the Plaintiff demands compensatory damages against Defendant Officer Plumey individually, and because the defendant acted maliciously, intentionally, willfully and/or wantonly, Plaintiff demands punitive damages against Defendant Plumey, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

### COUNT IV
### (Respondeat Superior under Illinois Law/Village of Riverdale)

24. Plaintiff Tanisha Franklin alleges and realleges paragraphs 1 through 14 as though fully set forth herein.

25. The acts above described acts of Defendant Officers Plumey, John Doe, John Moe, John Soe, John Coe, and John Foe of beating were done within the scope of their employment as Village of Riverdale police officers, were willful and wanton, and therefore the Defendant Village of Riverdale, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**WHEREFORE**, Plaintiff Tanisha Franklin demands judgment against Defendant Village of Riverdale in the amount of compensatory damages, plus costs, attorney fees, and other such additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully Submitted,

s/Teniece Harris
Attorney for the Plaintiff

THE LAW OFFICE OF STANDISH E. WILLIS, LTD.
407 S. Dearborn - Suite 1395
Chicago, Illinois 60605
(312) 554-0005