## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TANISHA FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08-cv-3255 |
| | ) | |
| vs. | ) | Judge Milton I. Shadur |
| | ) | |
| OFFICERS PLUMEY, #29, JOHN DOE, | ) | Magistrate Judge Morton |
| JOHN MOE, JOHN SOE, JOHN COE, JOHN | ) | Denlow |
| FOE, and THE VILLAGE OF RIVERDALE, | ) | |
| a Municipal Corporation, | ) | **JURY DEMAND REQUESTED** |
| Defendants. | ) | |

### DEFENDANTS OFFICER GILBERT PLUMEY AND THE VILLAGE OF RIVERDALE ANSWERS TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COME, defendants, Officer Gilbert Plumey, in his individual capacity, and the

Village of Riverdale, and its official capacity, by and through their attorneys Tribler Orpett &

Meyer, P.C., and state the following for their answer, affirmative defenses, and jury demand to

plaintiff's complaint.

### JURISDICTION

1.      The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42
U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of
the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**ANSWER**:    Defendant admits the averments contained within paragraph one of

plaintiff's complaint.

### PARTIES

2.      Plaintiff Tanisha Franklin is an African-American female, citizen of the United
States, and a resident of Dolton, Illinois.

**ANSWER**:    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments contained within paragraph two of plaintiff's complaint.

3.      Defendant Officer Plumey, #29, John Doe, John Moe, John Soe, John Coe, and John Foe are police officers employed by the Village of Riverdale, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law.  Defendant Officer Plumey, John Doe, John Moe, John Soe, John Coe, and John Foe are being sued individually.

**ANSWER**:    Defendant admits Officer Gilbert Plumey is a dually appointed and sworn

Village of Riverdale police officer.  Defendant further admits that Officer Plumey was acting in

the course and scope of his employment and under color of state law, ordinance and/or regulation

at all times material to this complaint.  Defendants admit that defendant Plumey is sued in his

individual capacity.  Defendant makes no answer regarding averment against "John Doe, John

Moe, John Soe, John Coe, and John Foe."

4.      The Village of Riverdale, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of Defendant Police Officer Plumey, John Doe, John Moe, John Soe, John Coe, and John Foe.

**ANSWER**:    Defendants admit that the Village of Riverdale is a municipal corporation,

within the State of Illinois, and is the employer of Officer Plumey.  Defendants make no answer

regarding the averments against "John Doe, John Moe, John Soe, John Coe, and John Foe."

**FACTS**

5.      On June 28, 2007, at approximately, 6 a.m., plaintiff Tanisha Franklin, observed a Village of Riverdale employee, immediately outside of her apartment, located at 13845 S. School Street, issuing her a parking citation.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments contained in paragraph five of plaintiff's complaint.

6.      Ms. Franklin exited her home and asked the Village of Riverdale employee why she was issuing her a ticket, despite their being no signs indicating she was in violation of any parking laws.

**ANSWER**:    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the averments contained in paragraph six of plaintiff's complaint.

7.      In attempt to avoid receiving a ticket, Ms. Franklin moved her vehicle to another location.

**ANSWER**:     Defendants admit Ms. Franklin moved her vehicle to another location, but are without knowledge as to the remaining allegations contained in paragraph seven of the plaintiff's complaint.

8.      Next, after Ms. Franklin exited her vehicle, several defendant police officers arrived on the scene, including defendant Officer Plumey.

**ANSWER:**     Defendants admits that Officer Plumey arrived on the scene.  Defendant makes no answer regarding averments against "several defendant police officers."

9.      Officer Plumey aggressively rushed over to Ms. Franklin, while she stood outside her vehicle, and without cause began to beat her.

**ANSWER:**     Defendant denies the averments contained in paragraph nine of plaintiff's complaint.

10.      Defendant Officer Plumey handcuffed Ms. Franklin and then began to violently push and swing her body.

**ANSWER:**     Defendants admit plaintiff was handcuffed at some point.  Defendants deny the remaining averments contained within paragraph ten.

11.      While Ms. Franklin was being beat, several defendant officers watched without intervening.

**ANSWER:**     Defendants deny that Ms. Franklin was beaten.  Defendant makes no answer regarding averments against "unknown police officers."  Defendants deny the remaining averments contained within paragraph 11.

12.      Several neighbors exited their homes and begged the officer to stop beating Ms. Franklin, but Officer Plumey only became more violent with Ms. Franklin and her neighbors.

**ANSWER:**     Defendants deny the averments contained in paragraph twelve of plaintiff's complaint.

13.     Eventually, a sergeant arrived on the scene, and immediately ordered defendant Plumey to release Ms. Franklin.  He also personally apologized to Ms. Franklin for defendant Plumey's misconduct.  The sergeant explained to Ms. Franklin that on prior occasion(s), Officer Plumey had treated a civilian inappropriately.

**ANSWER:**     Defendants admit a sergeant was on the scene.  Defendants deny the remaining averments contained in paragraph thirteen of plaintiff's complaint.

14.     Mr. Plumey was issued a ticket for obstructing a Village of Riverdale employee from issuing a ticket.  Subsequently, the charge was dismissed.

**ANSWER:**     Defendants deny the allegations contained in paragraph fourteen of plaintiff's complaint.

## COUNT I
## (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

1-15.   Plaintiff Tanisha Franklin alleges and re alleges paragraphs 1 through 14 as fully set forth above.

**ANSWER:**     Defendants restate their answers to paragraphs one through fourteen, as though fully set forth herein as their answer to paragraph one through fourteen of plaintiff's complaint.

16.     As a result of the unreasonable and unjustifiable attack on plaintiff Tanisha Franklin, she suffered both, physical and emotional injuries.

**ANSWER**:     Defendants deny the averments contained in paragraph sixteen of plaintiff's complaint.

17.     This unreasonable and unjustifiable beating of the plaintiff Tanisha Franklin by defendant Officer Plumey was a direct and proximate cause of her pain, suffering and mental anguish.  The above acts by the individual defendant Officers violated the plaintiffs Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**ANSWER**:     Defendants deny the averments contained in paragraph seventeen of plaintiff's complaint.  Defendants make no answer to averments against "unknown police officers."

WHEREFORE, defendant, Officer Plumey, in his individual capacity, denies that he is liable in any sum whatsoever and moves for judgment on his behalf and for costs and fees so wrongfully sustained.

## COUNT II
### (Failure to Prevent Civil Rights Violation Under 42 U.S.C. Sec. 1983 Against)

**ANSWER:**    Defendants Officer Plumey, in his individual capacity and the Village of Riverdale, in its official capacity, make no answer to the allegations contained in Count II as said allegations are not directed against them, nor does Count II seek any relief from Officer Plumey and the Village of Riverdale.

## COUNT III
### (Supplemental State Claim for Assault and Battery)

22.    Plaintiff Tanisha Franklin alleges and re alleges paragraphs 1 through 14 as though fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 14 as though fully set forth herein as their answer to paragraph 22 of plaintiff's complaint.

23.    The acts of defendant Officer Plumey as described above were done maliciously, intentionally, willfully, and wantonly and with such reckless disregard for their natural consequences as to constitute assault and batter under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the plaintiff as alleged above.

**ANSWER:**    Defendants deny the acts described and further deny the averments contained within paragraph 23 of plaintiff's complaint.

WHEREFORE, defendant Officer Plumey denies that he is liable for any sum whatsoever and moves for judgment on his behalf and for costs and fees so wrongfully sustained.

## COUNT IV
### (Respondent Superior under Illinois Law/Village of Riverdale)

24.    Plaintiff Tanisha Franklin alleges and re alleges paragraphs 1 through 14 as though fully set forth herein.

**ANSWER:**    Defendants restate their answers to paragraphs 1 through 14 as though fully set forth herein as their answer to paragraph 24 of plaintiff's complaint.

25.    The acts above described acts of defendant Officers Plumey, John Doe, John Moe, John Soe, John Coe, and John Foe of beating were done within the scope of their employment as Village of Riverdale police officers, were willful and wanton, and therefore the defendant Village of Riverdale, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER:**    Defendants deny the actions alleged in plaintiff's complaint, and further deny the averments contained in paragraph 25 of plaintiff's complaint.  Defendant makes no answer regarding averments against "John Doe, John Moe, John Soe, John Coe, and John Foe."

WHEREFORE, defendant, the Village of Riverdale, denies that it is liable in any sum whatsoever and moves for judgment on its behalf and for costs and feels so wrongfully sustained.

### JURY DEMAND

Defendants request trial by jury.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

s/  Patrick E. Burgess_____
One of the attorneys for Defendants,
Officer Gilbert Plumey and the Village of Riverdale

6

## DEFENDANTS AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME, defendant Officer Gilbert Plumey, in his individual capacity and the Village of Riverdale, by and through his attorneys, Tribler Orpett & Meyer, P.C., and states the following as their affirmative defense.

### FIRST AFFIRMATIVE DEFENSE
### (745 ILCS 10/2-202 and 745 ILCS 10/2-109)

Defendants, Village of Riverdale and Officer Gilbert Plumey by and through their attorneys, Tribler Orpett & Meyer, P.C., plead the following as their first affirmative defense.

Under the totality of the circumstances, reasonably competent police officers would not have concluded that defendant Officer Plumey lacked probable cause to issue a ticket for obstructing a Village of Riverdale employee against plaintiff.  Furthermore, under the totality of the circumstances, reasonably competent police officers would not have concluded that defendant's actions violated plaintiff's constitutional rights and, therefore, this defendant is entitled to qualify immunity.

WHEREFORE, defendant Officer Plumey in his individual capacity asserts that he is immune from liability to plaintiff and that plaintiff is not entitled to the relief he seeks and that plaintiff is not entitled to recover any sum of money whatsoever.

### SECOND AFFIRMATIVE DEFENSE

Defendants, Village of Riverdale and Officer Gilbert Plumey by and through their attorneys, Tribler Orpett & Meyer, P.C., plead the following as their second affirmative defense.

Defendant, Officer Plumey was acting in execution or enforcement of laws within the meaning of Section 2-202 of the Tort Immunity Act (745 ILCS 10/2-202 and 745 ILCS 10/2-109), and is entitled to immunity therein unless plaintiff establishes that defendants engaged in willful and wanton misconduct with respect to plaintiff, and the Village of Riverdale is entitled

to immunity, derivatively, under section 2-109 of the Tort Immunity Act (745 ILCS 10/2-202 and 745 ILCS 10/2-109).

WHEREFORE, the defendants, the Village of Riverdale, in its official capacity, and Officer Gilbert Plumey, in his individual capacity, assert that they are immune from liability to plaintiff and that the plaintiff is not entitled to the relief that she seeks and the plaintiff is not entitled to recovery of any sum of money whatsoever.

### THIRD AFFIRMATIVE DEFENSE
### (745 ILCS 10/2-201 and 745 ILCS 10/2-109)

Defendants, Village of Riverdale and Officer Gilbert Plumey by and through their attorneys, Tribler Orpett & Meyer, P.C., plead the following as their third affirmative defense.

At all relevant times, defendants was exercising discretion in their acts and the determination of policy within the meaning of Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201), and is entitled to absolute immunity in connection with the plaintiff's claim. The Village of Riverdale is entitled to this immunity, derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, defendant, the Village of Riverdale, and Officer Gilbert Plumey, assert that they are immune from liability to plaintiff and that plaintiff is not entitled to the relief she seeks and that plaintiff is not entitled to recovery of any sum of money whatsoever.

### FOURTH AFFIRMATIVE DEFENSE
### COMPARATIVE NEGLIGENCE-PLAINTIFF TANISHA FRANKLIN

Defendants, Village of Riverdale, in its official capacity, and Gilbert Plumey, in his individual capacity, by and through their attorneys, Tribler Orpett & Meyer, P.C., and pursuant to 735 ILCS 5/2-613(d) and 735 ILCS 5/2-1116, plead as an affirmative defense of contributory

and comparative negligence and/or willful and wanton conduct limiting the recovery of plaintiff, Tanisha Franklin, and state as follows.

1.    Plaintiff pleads in her complaint that on June 28, 2007 she was injured by alleged force used by Officer Plumey while he was acting within the scope of his employment of the Village of Riverdale.

2.    Defendants answered plaintiff's complaint denying that they are legally liable for alleged injuries to plaintiff.

3.    If plaintiff should obtain any judgment for damages against a defendant in this action, said judgment for damages will be barred and set aside because plaintiff was guilty of comparative fault and access to 50% which proximately caused her own injuries.

4.    That in the alternative, if judgment for damages is rendered in this cause herein in favor of plaintiff and against defendants, then these defendants are entitled to reduction of those damages in the amount that such damages was caused or contributed to be caused by plaintiff's own fault or negligence.

5.    The plaintiff was guilty of the following acts of negligence and/or willful and wanton conduct or admissions which contributed to cause her own injuries:

   a.    Refused demands to put her hands behind her back;
   b.    Raised her voice and was otherwise uncooperative with defendants;
   c.    Failed to abide by instructions and orders by police officers;
   d.    Resisted the officers attempt to handcuff plaintiff;
   e.    Was otherwise careless, negligence and/or and wanton conduct and willful and wanton uncooperative with respect to defendants.

6.    Plaintiff's acts of negligence and/or willful and wanton conduct were fault contributed to over 50% of the proximate cause of the incident or her own injuries or, in alternatively; defendants are entitled to a reduction of any damages recovered by plaintiff to the extent of plaintiff's own contributory fault, negligence and/or willful and wanton.

9

WHEREFORE, defendants, Village or Riverdale, in its official capacity, and Officers Gilbert Plumey, pray that any judgment for damages against them and in favor of plaintiff be set aside and barred by plaintiff's own fault, negligence, and/or willful and wanton conduct which contributed to over 50% of the proximate cause of such occurrence or injuries, or in the alternative, pray that the amount of any judgment for damages against these defendants and in favor of plaintiff be reduced by that percentage to which plaintiff's own negligence or fault contributed to such damages.

                                        Respectfully submitted,

                                        TRIBLER ORPETT & MEYER, P.C.


                                        s/  Patrick E. Burgess_____
                                        One of the attorneys for defendants,
                                        Officer Gilbert Plumey and the Village of Riverdale


Michael J. Meyer – ARDC # 6193712
Patrick E. Burgess – ARDC # 6274640
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the defendants Officer Gilbert Plumey and the Village of Riverdale's Answers to Plaintiff's Complaint and Affirmative Defenses were served upon:

> Teniece Harris – tenieceguy@yahoo.com
> Angela Lockett – angelalockett@aol.com
> Standish E. Willis – swillis818@aol.com
> **THE LAW OFFICES OF STANDISH E. WILLIS, LTD.**
> 407 S. Dearborn Street, Suite 1395
> Chicago, IL 60605

service was accomplished pursuant to ECF as to Filing Users and complies with Fed. R. Civ. P. 5(a), LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 27th day of August 2008, with proper postage prepaid.

> s/ Patrick E. Burgess_____
> an Attorney

Michael J. Meyer, Esq. – ARDC #0619372
Patrick E. Burgess, Esq. – ARDC #6274640
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400

11